UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIGIA ESCOBAR,

                Plaintiff,                              **ORDER**
                                                                          16 CV 4052 (CLP)

            - against -

FOREST HILLS DINER OF NY CORP., and
JUAN GALVAN,

                Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On December 7, 2016, the Court approved a settlement in the above-referenced FLSA action, and on January 19, 2017, the Court dismissed this case with prejudice.[1] In the Stipulation, the Court agreed to "retain jurisdiction over this case in order to hear a motion to enforce or otherwise apply the settlement in this case."

        On March 1, 2018, plaintiff filed a letter seeking to enforce the settlement agreement. (Ltr[2]). According to plaintiff's letter, the settlement funds of $30,000 total were to be disbursed pursuant to a payment plan, for 24 equal monthly payments of $1,250.00 each from January 2017 through December 2018.[3] (Id.) Plaintiff's counsel represents that from January 2017 through November 2017, defendants made payments pursuant to the settlement agreement. (Id.) However, counsel notes that for the month of December 2017, the checks sent by the defendants bounced, and the plaintiff has not received checks since that time. (Id.)

        After receiving this initial letter, on March 2, 2018, the Court directed plaintiff to file a formal motion specifying the remedy sought. The Court also set a response date of March 16, 2018.

---

[1] The parties have consented to the undersigned for all proceedings. See Consent to Jurisdiction, filed on December 29, 2016.

[2] Citations to "Ltr" refer to plaintiff's letter seeking enforcement of a settlement agreement, filed by Ligia Escobar on March 1, 2018.

[3] The funds were to be divided thus: $365.00 per month to Escobar, corresponding to IRS Form W-2 wages; $360.55 per month to Escobar, corresponding to IRS Form 1099 income; and $524.45 per month to plaintiff's counsel, Phillips & Associates.

On March 5, 2018, plaintiff filed her formal motion for settlement enforcement. (Mot.[4]) On March 23, 2018, plaintiff also supplemented the previously-filed motion to notify the Court that no check was received for the month of March. Crediting defendants' payments of $1,250.00 per month for eleven months between January 2017 and November 2017, defendants paid $13,750.00 total thus far. This leaves $16,250.00 which has not yet been paid.

On April 13, 2018, the Court notified the defendant that "if no payment is made by 4/20/18, judgment will enter. Plaintiff to submit status letter to Court regarding status of payment by 4/23/18."[5] On April 23, 2018, plaintiff filed a status letter notifying the Court that, despite speaking with defendants' attorney of record and "implor[ing] defendants' counsel to get his client to begin making at least partial payments so as to attempt to avoid entry of judgment," defendants have not made any payment, nor has defendants' counsel communicated with the Court. Accordingly, plaintiff seeks entry of judgment.

Plaintiff also asks the Court to award attorney's fees under the Court's inherent power to "award attorney's fees to a successful litigant when the opposing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (Mot. at 6) (citing Torres v. Costich, 935 F. Supp. 232, 236 (W.D.N.Y. 1996)). Plaintiff assert that defendants' counsel represented that individual defendant Juan Galvan had filed for bankruptcy, but did not provide any support as to this proposition aside from directing plaintiff to "check on PACER." (Id. at 7). Plaintiff claims that, despite searching on PACER, she could not find any evidence of a bankruptcy filing; she also maintains that, even if the individual defendant had filed for bankruptcy, the corporate defendant's business is still "up and running." (Id.) Plaintiff, therefore, claims that "the defendants seem to have made a conscious decision to no longer pay pursuant to the settlement agreement and their explanations as to why have been misleading and untrue." (Id.)

While the Court finds that defendants' actions do not yet rise to the level of "bad faith" as to justify an

---

[4] Citations to "Mot." refer to plaintiff's motion to enforce settlement agreement, filed on March 5, 2018.

[5] See Electronic Order, dated April 13, 2018.

2

award of attorney's fees, the Court also notes that defendants' counsel has not responded to this Court's March 2, 2018 scheduling Order or the Court's April 13, 2018 Order. This means that there has been no adequate explanation provided to the Court as to why the defendants ceased making payments pursuant to their contractual obligation under the Settlement Agreement. Accordingly, the Court is left without information to determine whether defendants, indeed, are facing financial difficulties, or if this explanation is, as plaintiff claims, untrue. Compare Doe v. Kogut, No. 15 CV 7726, 2017 WL 1287144, at *11 (S.D.N.Y. Apr. 6, 2017) (finding attorney's fees not warranted when plaintiff did not intentionally prolong the resolution of the case) with Vari-o-Matic Mach. Corp. V. N.Y. Sewing Mach. Attachment Corp., 269 F. Supp. 257 (S.D.N.Y. 1986) (awarding attorney's fees when defendant misrepresented to the Court that the case had settled, thereafter requiring plaintiff to file a motion to enforce the settlement agreement). Defendants are thereby ORDERED TO SHOW CAUSE, in writing, why plaintiff should not be permitted to make an application for reasonable attorney's fees in connection with this Order. Defendants' response is due by May 21st 2018. In the absence of any response, the Court will assume that defendants have conceded that attorney's fees are warranted.

In light of the above, this Court GRANTS plaintiff's motion for judgment based on the settlement agreement. The Court hereby ORDERS that judgment in the amount of **$16,250.00** be entered against the corporate defendant, Forest Hills Diner of NY, and the individual defendant, Juan Galvan. Defendants' response to the Order to Show Cause regarding plaintiff's fee application is due by May 20th, 2018.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May /0 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York